IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DAVID CARL SWINGLE,** ) | |
| **ID # 1849825** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:14-CV-4484-N (BH) |
| ) | |
| **STUART JENKINS, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Parole Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

David Carl Swingle (Petitioner) challenges his conviction for possession of a controlled substance in Cause No. 2-06-16. He names as respondent Stuart Jenkins, Director of the Texas Department of Criminal Justice, Parole Division (Respondent).

**A.    Procedural History**

On January 11, 2006, the State indicted Petitioner for possession of a controlled substance in the amount of one gram or more, but less than four grams. (Doc. 16-13 at 37.)[1] On June 12, 2006, he pleaded guilty and was convicted in the 382nd Judicial District Court of Rockwall County, Texas, and was sentenced to four years of deferred adjudication probation. (*Id*. at 55.) He did not appeal. On January 2, 2013, the State moved to revoke his probation for alleged violations of the

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

conditions of probation. (*Id*. at 68.) Petitioner pled not true to the allegations. (*Id*. at 93.) On March 19, 2013, he was adjudicated guilty and sentenced to three years' imprisonment. (*Id*.) The judgment was affirmed on appeal. (*Id*. at 109); *Swingle v. State*, No. 05-13-00430-CR (Tex. App.–Dallas Feb. 27, 2014). His petition for discretionary review was refused. *Swingle v. State*, No. 273-14 (Tex. Crim. App. June 11, 2014). He did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 2 at 3.)

Petitioner's first state habeas application was signed on June 16, 2014, and received by the state court on June 20, 2014. (Doc. 16-10 at 6, 19.) The state habeas application was dismissed because the appellate mandate had not yet issued when the habeas application was filed. (Doc. 16-8); *see Ex parte Swingle*, WR-81,865-01 (Tex. Crim. App. Sept. 17, 2014). His second state habeas application was also signed on June 16, 2014, and it was received by the state court on September 19, 2014. (Doc. 16-13 at 11, 26.) The state habeas application was denied without written order. (Doc. 16-11); *see Ex parte Swingle*, WR-81,865-02 (Tex. Crim. App. Dec. 17, 2014).

**B.** **Substantive Claims**

Petitioner's federal habeas petition, received on December 22, 2014, raises the following grounds for relief:

(1) Petitioner was denied a full and fair opportunity to litigate a Fourth Amendment search and seizure issue.

(2) The State altered or tampered with evidence in violation of his right to due process.

(Doc. 2 at 5, 8.)[2] Respondent filed a response on April 23, 2015. (Doc. 18.)

---

[2] Petitioner's grounds are presented as grounds one and four on the federal habeas petition form. The federal habeas petition does not include the form pages for grounds two and three. Respondent pointed this out in the answer (doc. 18 at 2 n.1), and Petitioner has not asserted that he intended to raise any additional grounds.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001).  Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  *Williams*, 529 U.S. at 407.  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact.  *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'"  *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  SEARCH AND SEIZURE

Petitioner claims that he did not have a full and fair opportunity to litigate a Fourth Amendment issue relating to the September 3, 2005 search and seizure.

**A.**     <u>**Statute of Limitations**</u>

The AEDPA has a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id*. § 2244(d)(1)(A)-(D).

Here, Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claim (subparagraph (D)).

Because Petitioner did not appeal the trial court's June 12, 2006 judgment of deferred adjudication, it became final thirty days later, on July 12, 2006. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005).

Before Petitioner entered his guilty plea in 2006, he filed a motion to suppress based on a Fourth Amendment violation. (Doc. 15-12 at 7.) After hearing the officer's testimony and reviewing a video of the events, the trial court denied the motion to suppress on April 12, 2006. (Doc. 15-11 at 7; doc. 15-13 at 3.) He sought to relitigate the Fourth Amendment issue at the hearing to revoke his probation in 2013. (Doc. 15-23 at 5; doc. 16-6 at 10.) The trial court held that it did not have the authority to relitigate the issue at the revocation/adjudication hearing. (Doc. 16-6 at 10-12, 68.)

The validity of the search and seizure that resulted in the charged offense was a substantive issue relating to his guilt. The statute of limitations for challenging substantive issues relating to guilt began to run when the judgment imposing deferred adjudication probation became final. *See Caldwell*, 429 F.3d at 530. As the Fifth Circuit has explained, issues related to guilt in a deferred adjudication care are litigated prior to the entry of the judgment imposing deferred adjudication probation, and they are not litigated at the later revocation/adjudication proceeding. *Id*. at 528; *see also Dahlkoetter v. State*, 628 S.W.2d 255, 258 (Tex. App.–Amarillo 1982) (in a deferred adjudication case, the decision to revoke probation and to formally adjudicate guilt is not concerned with evidence pertaining to the defendant's guilt). Petitioner's first claim relates to the June 12, 2006 judgment of deferred adjudication, and the one-year limitations period for that claim expired on July 12, 2007. *See Caldwell*, 429 F.3d at 530

The facts supporting Petitioner's Fourth Amendment claim became known or could have become known prior to the date his judgment became final. Because Petitioner filed his § 2254 petition several years after his judgments became final in 2007, a literal application of § 2244(d)(1) renders his December 22, 2014 petition untimely.

B.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his state writ applications until 2014, several years after the one-year limitations periods had expired in July 2007. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott*

6

*v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The statutory tolling provision does not save this petition.

**C.     Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner has not alleged any basis for equitable tolling. He has failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his Fourth Amendment claim is barred by the statute of limitations.

### IV. ALTERED OR TAMPERED WITH EVIDENCE

Petitioner contends that he was provided with a copy of the 2005 video of the search and seizure prior to his 2013 revocation proceeding, and that it differed from the video introduced at the 2006 suppression hearing. He asserts that the video at the suppression hearing showed the entry and search by the officers, but that the video he was provided prior to the 2013 revocation hearing "blanks out" during the officers' entry and search. (Doc. 2 at 73; *see also* doc. 15-22 at 4; doc. 16-6 at 30.) He claims that the video he was provided in 2013 was tampered with or altered because it did not show the events that were shown in the video at the original suppression hearing. Respondent does not argue that this claim is time-barred.

The video that Petitioner was provided prior to the 2013 revocation hearing was introduced into evidence at the revocation hearing in support of his Fourth Amendment claim. (Doc. 16-6 at 30-31.) As discussed, the Fourth Amendment suppression issue regarding the search and seizure that resulted in the prosecution for the drug offense, which included the video offered in support of the Fourth Amendment suppression issue, was not relevant to the decision to revoke deferred adjudication probation for violating conditions of probation. *See Caldwell*, 429 F.3d at 528; *see also Dahlkoetter*, 628 S.W.2d at 258. Any tampering with or alteration of the video prior to the 2013 revocation hearing did not affect the validity of the judgment revoking his probation, and Petitioner is not entitled to habeas relief.[3]

### V. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

---

[3] Petitioner does not contend that the video that was shown at the suppression hearing prior to the judgment of deferred adjudication probation had been tampered with or altered.

**SO ORDERED** this 1st day of February, 2017.

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_/s/ Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE